# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |  |
|---|---|---|
| KEVIN M. BALLANCE, AARON D. ELLIS, DWAYNE D. YOUNG, AND VINCENT SPINNER, Plaintiffs, | ) ) ) ) ) ) ) | Civil Action No. 7:21cv00646 |
| v. | ) ) ) | **OPINION AND ORDER** |
| CHARLES T. RETTIG, *et al.*, Defendants. | ) ) |  |

Four Virginia inmate plaintiffs have jointly filed this civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against officials of the Internal Revenue Service, ("IRS"), complaining that they have not received all the stimulus checks to which they were entitled during the COVID-19 pandemic. One plaintiff, Kevin M. Ballance, has prepaid $402 in satisfaction of the filing costs for a civil case in this court, apparently intending to cover the filing costs for all of the plaintiffs' claims. Upon review of the record, the court concludes that the interests of the parties, as well as the interests of justice, will be best served if this jointly filed case is severed under Rule 21 of the Federal Rules of Civil Procedure into separate actions, individualized for each plaintiff. Each plaintiff must then agree to pay for his own civil lawsuit and must personally sign any motions or responses submitted therein. The pending motion seeking to add additional plaintiffs, (Docket Item No. 6), will be **DENIED**.

It is clear from the submitted pleadings that Ballance has prepared the filings, and that the other plaintiffs apparently want him to file all pleadings in this case on their behalf. However, Ballance, who is not an attorney and is himself proceeding *pro se*, is not authorized to litigate the interests of other inmates.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their *own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972) (a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others") (citations omitted); *Hummer v. Dalton*, 657 F.2d 621, 626 (4th Cir. 1981) (prisoner proceeding *pro se* may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights).  Thus, Ballance as a pro se litigant may move forward only with his own claims in this case.  *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (to state civil rights claim, plaintiff must allege facts demonstrating that he himself has sustained, or will sustained, deprivation of right, privilege or immunity secured by the constitution or federal law).

Moreover, allowing four prisoners to join in one civil action in this manner, paying only one filing fee, flies in the face of federal law.  Rule 20 of the Federal Rules of Civil Procedure generally allows persons to join in one federal civil action as plaintiffs if "they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and any question of law or fact common to all plaintiffs will arise in the action."  Prisoner-filed civil complaints, however, are also governed by the Prisoner Litigation Reform Act, ("PLRA"), which among other things expressly states that a

prisoner plaintiff "shall be required to pay the full amount of a filing fee" for a civil action he brings. 28 U.S.C. § 1915(b)(1). The court concludes that in light of this mandate, it is appropriate to sever the four plaintiffs' claims into four separate civil actions. *See, e.g, Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (finding that the PLRA *bars* permissive joinder of multiple prisoner plaintiffs in one civil rights action); *Ray v. Evercom Sys., Inc.*, No. CIVA 4:05-2904, 2006 WL 2475264, at *5-6 (D.S.C. Aug. 25, 2006) (applying *Hubbard* reasoning in the absence of Fourth Circuit precedent).

Practical considerations also militate against allowing these four prisoner plaintiffs to jointly file and pursue a single civil action. A high likelihood exists that circumstances, such as cell reassignments, lockdowns, or personal disagreements, will often prevent plaintiffs from preparing and signing joint pleadings as required in *pro se* litigation. A joint lawsuit also creates a danger of coercion, subtle or otherwise, between plaintiffs and may put plaintiffs at an increased risk of receiving a "strike" under 28 U.S.C. § 1915(g).[1]

In any event, even where Rule 20 allows joinder of parties, Rule 21 authorizes the court, on its own motion and at any time, to "sever any claim against a party" for separate consideration and trial as the court believes circumstances warrant. *See, e.g.*, *17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F. Supp. 2d. 584, 598 n.9 (E.D. Va. 2005) (noting that district courts have "virtually unfettered discretion in determining whether or not severance is appropriate").

For the reasons stated, it is hereby **ORDERED** as follows:

---

[1] Section 1915(g) bars *in forma pauperis* litigation for inmates who have had three civil actions dismissed as frivolous, malicious, or for failure to state a claim, absent a showing of imminent physical harm.

1. The claims brought in this jointly filed civil action under *Bivens* will be **SEVERED** into four separate civil actions — this case, No. 7:21cv646, consisting of the claims filed only by Ballance, and one additional civil case for each of the three other plaintiffs who joined in bringing the original *Bivens* Complaint. ***In these cases, only the claims of the plaintiff appearing in the heading of the case will be considered.*** Once the court has set up new cases and assigned new case numbers, each plaintiff will be notified of his new case and case number through receipt of an initial Order; this Order will conditionally file his claims and require him to prepay the $402 filing costs for the case *or* to provide financial information required to apply for eligibility to pay the $350 filing fee through installments withheld from his trust account. ***Each of the plaintiffs will be responsible for paying for his own case and for prosecuting his own case—by signing every filing submitted in that case;***

2. In light of the court's finding that the claims in the jointly filed Complaint must be severed into separate cases for each plaintiff, the pending Motion for Leave to File an Amended Complaint, (Docket Item No. 6), seeking to add additional inmates as co-plaintiffs in this case, is **DENIED**; the inmates who apparently wish to pursue claims similar to those in this case are advised that each of them may file a separate civil action; each of them will be required to prepay (or pay through installments) the full filing costs for his case and to prosecute his own claims in that case (i.e. sign every pleading and provide facts about his own situation, etc.);

3. Ballance shall notify the court in writing immediately upon his transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE;

4. Pursuant to a Standing Order of Court, all nondispositive matters in this case will be referred to a United States Magistrate Judge;

5. All submissions in this case should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document the plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, the plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to the plaintiff without being entered by the court; and

6. All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, VA 24011-2208.

The Clerk is directed to send a certified copy of this Order to all plaintiffs.

**ENTERED**: February 1, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE