CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 11, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **KEVIN BALANCE, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 7:21CV00646 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHARLES T. RETTIG, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Aaron D. Ellis, Dwayne D. Young, and Vincent Spinner, Pro Se Plaintiffs.*

The plaintiffs to this *Bivens* action[1] are state incarcerated persons proceeding without counsel. They contend that the defendants, who are employees of the Internal Revenue Service (IRS), violated their rights under the Fifth and Fourteenth Amendments to the Constitution by failing to ensure that they received the COVID-19 stimulus payments to which they were entitled.[2] After review of their Amended Complaint, I conclude that this action must be summarily dismissed.

---

[1] *Bevins v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Four inmates began this case by filing a joint Complaint, alleging that the defendant IRS officials had failed to ensure that the plaintiffs received their stimulus checks. The inmates paid the filing fee and later moved to amend their claims and add plaintiffs. I severed the action in to four cases and denied the motion seeking leave to file to amend. The lead plaintiff (Kevin Ballance) who remained in this case after severance failed to serve the defendants within the allotted time, and I dismissed his claims under Rule 4(m) of the Federal Rules of Civil Procedure. I required each of the three plaintiffs in the severed actions to file the necessary documents in order to collect the full filing fees

I.

COVID-19 stimulus checks, otherwise known as Economic Impact Payments (EIP), were tax credits or rebates established by Congress through the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 26 U.S.C. § 6428(a)(1), signed into law in March 2020; the Consolidated Appropriations Act of 2021 (CAA), 26 U.S.C. § 6428A(a)(1), signed into law in December 2020; and the American Rescue Plan Act (ARPA), 26 U.S.C. § 6428B. The CARES Act provided a tax credit of $1,200 to eligible individuals, a broadly defined term. 26 U.S.C. § 6428(a), (d). The CAA authorized a $600 payment or credit under a similar statutory scheme, and the ARPA provided for a payment or credit of $1400 to eligible individuals.

The plaintiffs claim that they did not receive all EIPs that they should have received. At the time of the Amended Complaint, the plaintiffs were inmates at Buckingham Correctional Center (Buckingham), a Virginia prison facility. During November 2020, February 2021, and March 2021, Buckingham officials passed out tax forms for the inmates to complete and mail to the IRS regarding their possible

---

under 28 U.S.C. § 1915(b). When they all failed to do so, I dismissed their cases without prejudice. The three severed plaintiffs (Ellis, Young, and Spinner) appealed. The court of appeals vacated the severance order and the order denying the filing of the Amended Complaint. Ellis v. Werfeld, 86 F.4th 1032, 1036–37 (4th Cir. 2023). After the remand, I required each plaintiff (including those in the Amended Complaint) to file a declaration as to which stimulus checks he had or had not received and whether he wished to continue as a plaintiff in this action. Only three plaintiffs complied with this requirement and as such remain as plaintiffs in the case: Ellis, Young, and Spinner.

eligibility for EIPs. The plaintiffs first mailed their forms to defendant John Koskinen, an IRS director in Kansas City, Missouri. None of them received a response from Koskinen.

In June and July 2021, the plaintiffs mailed certified cards to Koskinen and to Charles T Rettig, another IRS director located in Austin, Texas. In response to these mailings, the inmates received an "Identity Verification Letter." Am. Compl. 4, ECF No. 24. Using these letters and the IRS website, Buckingham officials allegedly electronically verified the identities of the plaintiffs. Thereafter, Young and Spinner each received an EIP of $1400, but did not receive the earlier EIPs of $1200 and $600. They then received form letters from defendants Nina Bolin, Operations Manager, and Maureen Sanders, Department Manager, for the IRS in Fresno, California. The Amended Complaint describe these letters as stating the following:

> The plaintiff[s'] social security numbers are wrong and they are not. The plaintiff[s'] social security numbers show up under somebody else's name, which is not true. They told the plaintiff[s] to file a tax form which [they] all did and still received nothing. The defendants have even claimed that somebody filed for the plaintiff[s'] stimulus payments on a computer. Inmates do not have access to a computer.

*Id.* at 5.

In the Amended Complaint, the plaintiffs name Rettig, Kiskinen, Bolin, and Sanders as defendants.[3] As relief for their claims, the plaintiffs demand that "the

---

[3] While the case was on appeal, the defendants changed somewhat. Rettig was terminated as a defendant, and Daniel I. Werfel was added as Commissioner of the IRS.

IRS needs to show how it came to th[e] conclusion" that no more EIPs were due to the plaintiffs or it should "give the plaintiffs their money." *Id.* at 6. The specific amounts of EIP payments that the plaintiffs claim is as follows: Ellis, $3200; Young, $1800; and Spinner, $1800.

## II.

> Under 28 U.S.C. § 1915A(a), a district court is required to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. A district court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

*Ruhbayan v. Smith*, No. 21-7419, 2022 WL 2764422, at *1 (4th Cir. July 15, 2022) (unpublished), *cert. denied*, 143 S. Ct. 824 (2023).[4] The plaintiffs in this case have sued officers of the IRS. Thus, their case falls in the category of cases requiring my review under § 1915A.

As an initial matter, the plaintiffs cannot proceed with a private cause of action under the statutes that created the EIPs they seek — the CARES Act, the CAA, or the ARPA. These laws do not provide for a private cause of action for individuals to collect the payments that these statutes authorize for eligible persons. *Baxter v.*

---

Because I conclude that the plaintiffs' claims have no merit against any defendant, these changes in the defendants do not change my legal analysis or my conclusion that the claims must be dismissed under § 1915A.

[4] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

*United States*, No. 2:22-00490, 2023 WL 2418369, at *2 (S.D.W. Va. Feb. 16, 2023), *R&R adopted*, No. 2:22-CV-00490, 2023 WL 2411027 (S.D.W. Va. Mar. 8, 2023).

Accordingly, I construe the plaintiff's claims as being presented under *Bivens*. In *Bivens*, the Supreme Court recognized an implied damages remedy against federal officers for Fourth Amendment violations regarding a warrantless search and arrest. 403 U.S. at 397. The Supreme Court has explicitly recognized only two other claims actionable under the *Bivens* rubric: *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing Eighth Amendment claim based on failure provide care for a serious medical condition); *Davis v. Passman*, 442 U.S. 228 (1979) (recognizing a Fifth Amendment claim based on sex discrimination). Otherwise, the Supreme Court has expressly rejected efforts to expand *Bivens* to cover other alleged constitutional violations. *Hernandez v. Mesa*, 589 U.S. 93 (2020) (no *Bivens* remedy for cross-border shooting by federal officer); *Ziglar v. Abbasi*, 582 U.S. 120 (2017) (*Bivens* remedy not available in action seeking damages following government hold-until-cleared order detaining illegal aliens following 9-11 attack).

Here, the plaintiffs' attempt to expand *Bivens* to cover their claims against individual IRS agents does not pass muster. It does not fall into one of the three categories recognized by the Supreme Court for *Bivens* actions, as it does not involve a search and seizure, medical care, or sex discrimination. Moreover, it is held that

taxpayers may not sue individual IRS employees or officials under *Bivens*. *Latimer v. IRS*, No. 6:23-5259-JFA-TER, 2023 WL 9316241, at *2 (D.S.C. Oct. 25, 2023), *R. & R. adopted*, No. 6:23-5259-JFA-TER, 2024 WL 34000 (D.S.C. Jan. 3, 2024). As a result, the plaintiffs' proposed extension of *Bivens* to get their EIP money from individual IRS employees is foreclosed by the availability of other meaningful and adequate statutory remedies that Congress has provided to taxpayers for such circumstances. *Id.* "In any event, the [*Bivens*] complaint also fails because plaintiff does not allege any constitutional violation by the individual defendants." *Aderinto v. Treasury Inspector Gen. for Tax Admin.*, No. 3:08-1940-JFA-BM, 2008 WL 2434134, at *3 (D.S.C. June 12, 2008). Merely "asserting a failure of federal officials to comply with various federal statutes" — specifically, those that provided for EIPS — "does not implicate the [plaintiffs'] constitutional rights." *Byers v. Rettig*, No. 1:22-CV-00126-MR, 2022 WL 3205184, at *2 (W.D.N.C. Aug. 8, 2022). Thus, the plaintiffs' claims under *Bivens* must be dismissed under § 1915A for failure to state a claim.

Another potential remedy that the plaintiffs may be pursuing is a claim against the United States under the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 1346(b), 2671-2680. Through enactment of the FTCA, the United States expressly consented to a limited waiver of its sovereign immunity only for FTCA claims based on torts committed by employees of its agencies. *Id.* The plaintiffs have not named the

United States as the proper defendant to an FTCA claim. Even if they did so, however, federal district courts lack subject matter jurisdiction over FTCA claims for which plaintiffs have not demonstrated compliance with the strict exhaustion provisions of the FTCA statutory scheme. *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). Specifically, FTCA exhaustion provisions require that each claimant pursue an administrative claim with the appropriate agency before filing a civil action in federal court. 28 U.S.C. § 2401(b). Thus, I find no factual or legal basis on which to construe the plaintiffs' allegations as FTCA claims.

## III.

For these reasons, I will summarily dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: June 11, 2024

/s/  JAMES P. JONES
Senior United States District Judge